Harper, J.
There is no question of the rule, that in construing wills we must, if possible, give effect to the intention ; but the intention must be collected from the words of the will itself, and not from any conjecture of ours as to what the testator may be reasonably supposed to have meant. It sometimes happens that contradictory or inconsistent instructions are expressed in the same will, and then it has been the rule to give effect to the general or predominant intention, even at the expense of that which is particular and subordinate. The words of the testatrix are, that the “ said plantation, called Cave Hall, be purchased and paid for out of my estate, and shall be given to Rachael Susan Bee, my grandniece aforesaid.” Now, if it had stopped here, words could not more clearly express the intention to give the entire plantation called Cave Hall. Then follow the words, “ making in all fourteen hundred acres.” If there is anything ambiguous, it is in these latter words. I think this comes within the rule expressed by Cruise, in his treatise on real property, treating of devises. “With respect to additional words, the Courts appear to have always been disposed to adopt the rule established for the construction of deeds, namely, that where there is a correct and specific description of the property devised, a mistake in any additional words will have no effect; but where the first description is merely general, these additional words will be considered either explanatory or respective according to the intention of the testator.”' One of the cases referred to is that of Chamberlain v. Turner, Cro. Car. 129, in which the devise was of “ the house or tenement wherein Nichols dwelleth, called the White Swan.” The jury found that William Nichols occupied the alley of the said house, and three upper rooms, and that divers other person's occupied the garden and other places in the said house. It was held that the terms “ house or tenement, called the White Swan,” necessarily implied *234 the whole house; and the words, “ wherein William Nichols dwelleth,” did not abridge the devise. Now the words, “the plantation called Cave Hall, late the property of William Caldwell,” seems to me to be as certain and specific as “the house *or tenement called the White gWan.” In Gascoigne v. Barker, 3 Atk. 8, the devise was of “all my laiids, tenements and hereditaments, in possession or reversion, freehold and copyhold, in the parish of Chiswick or elsewhere in the county of Middlesex, (which copyhold landh I have surrendered to the uses of my will).” There was part of the premises copyhold not surrendered, and the Chancellor held that this did not pass. He adds, however, that if the premises had been devised by name, “ messuages with the appurtenances called the King of Bohemia’s Head,” the whole would have passed, and he would have held the subsequent words to be only a mistake in the description. In Banks v. Denshire, 1 Ves. 63, Lord Hardwicke says he determined the case of Gascoigne v. Barker with great reluctance, and chiefly on the word “which.” In that case the devise was of “ all and every freehold and copyhold lands, tenements and hereditaments, (having surrendered the copyhold to the uses of my will),” &c. The testator had two copyhold estates, one of which he had not surrendered; but it was held that both passed.
The principle is explained as applied to a deed, in Wrotesley v. Adams, Plow. 191, that if there be a certain description in the first instance, any other description is superfluous. That was a lease by a prior and convent of “ all their farm in Brosley, &c., now in the tenure and occupation of Roger Wilcox.” It is said that this word (farm) “ is a capital messuage and all the lands lying to it, and signifies the chief house and lands belonging to it, and not a common house; and so has a certainty in itself. And when it goes further and says, in the tenure and occupation of Roger Wilcox, this is of no effect; for, if it was not in his tenure and occupation, yet it should pass, for there is a certainty in the thing demised, viz. : the farm in Brosley.” So, if I make a release of White Acre in Dale, which I have by the descent on the part of my father, and I had it not by descent on the part of my father, but otherwise, yet the release is good.” If this had been a conveyance of the plantation called Cave Hall, further described as containing four hundred acres, no doubt the whole must have passed.
The testatrix clearly expresses her intention to give the whole of Cave Hall plantation to her grand-niece ; but she was mistaken in its quantity. She further expresses her intention to make up for her a plantation of fourteen hundred acres. It was supposed that complete effect could be given to the intention by purchasing *four hundred acres of the Cave Hall plantation. But this would be speculating on intention. What part shall be purchased ? That contiguous to the one thousand acres devised ? But the contiguous part might be differently selected and arranged, so as to vary greatly in value. Suppose there are valuable buildings and improvements on the land, the testatrix certainly contemplated that the devisee should have these, and may have made the devise chiefly with a view to them. But suppose them 1o be so distant from the one thousand acres as not to be included in the contiguous four hundred acres. But the four hundred acres can not be purchased. The object of the testatrix was to make up what she *235 regarded as a suitable plantation for her grand-niece. Are we likely to approach that intention more nearly by giving her a thousand dollars in money, rather than the whole of Cave Hall plantation ? That can only be matter of guess. It is better to adhere to rule than thus to speculate on intention.
The decree of the Chancellor is therefore reversed, and it is ordered and decreed that the executor proceed to complete the purchase of the entire plantation called Cave Hall, which shall be conveyed to the devisee, Hachel Susan Bee. Costs to be paid out of the estate.
Johnson, J., and O’Neall, J., concurred.